IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RECHELL LANIER,                §<br>          Plaintiff,           §<br>                                §<br>v.                              §<br>                                §   Civil Case No. 3:11-CV-2944-L-BK<br>MICHAEL J. ASTRUE,              §<br>Commissioner of Social Security §<br>Administration,                 §<br>          Defendant.            § | |

## FINDINGS, CONCLUSIONS, and RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for Findings, Conclusions and Recommendation on the parties' cross-motions for summary judgment. For the reasons that follow, it is recommended that *Defendant's Motion for Summary Judgment* (Doc. 25) be **GRANTED,** *Plaintiff's Motion for Summary Judgment* (Doc. 22) be **DENIED** and the Commissioner's decision be **AFFIRMED**.

### I. BACKGROUND[1]

**A.     Procedural History**

Rachelle Lanier (Plaintiff) seeks judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability and Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Plaintiff filed her DIB application in September 2008, claiming she became disabled in January 2000 due to diabetes, right shoulder pain, carpal tunnel syndrome in both hands, lower back pain, and high blood pressure. (Tr. 25, 27-30, 116-120, 159). Plaintiff's application was denied at all administrative levels. (Tr. 25, 66-

---

[1] The following background comes from the transcript of the administrative proceedings, which is designated as "Tr."

67, 74-96). Plaintiff now seeks this Court's review of her request to submit new evidence of her mental condition in support of her DIB claim.

**B.    Factual Background**

Plaintiff was born on October 24, 1961, and was 38 years old on her claimed disability onset date. (Tr. 66, 116). Plaintiff has a high school education, has not received any vocational training, and worked as a tube winder for a company that built lids for food containers during the relevant fifteen-year period. (Tr. 62, 144, 164). Plaintiff stopped working after she sustained a job-related injury to her right shoulder on January 1, 2000. (Tr. 29). Plaintiff did not engage in substantial gainful activity from November 14, 2001, through December 31, 2005. (Tr. 27).

**C.    The Administrative Law Judge's Findings**

As relevant here, in addition to her DIB claim for physical ailments, Plaintiff testified that she began to see psychiatrist in February 2004 for depression. (Tr. 29-30). However, the ALJ held that there was no documentation in the record to support Plaintiff's allegations. (Tr. 30). The ALJ noted that Plaintiff was given the opportunity to submit documentation of a mental impairment diagnosis, psychiatric treatment or evidence of a psychiatrist visit but failed to do so. *Id.* In the absence of such evidence, the ALJ considered clinic notes from a non-psychiatric treating source and Plaintiff's testimony of increased anxiety, depression and medical treatment following the death of her son. *Id.* The ALJ concluded that the record did not reflect a "medically determinable mental impairment . . . that would wholly compromise [Plaintiff's] ability to initiate and sustain activities and function independently and effectively on a sustained basis." *Id.*

## II. ARGUMENT AND ANALYSIS

Plaintiff now seeks DIB for the period from November 14, 2001 through December 31, 2005, and requests to submit additional medical records as evidence of a mental impairment in support of her claim. The new evidence Plaintiff proposes consists of medical records from Dr. Mannochehr Khatami, from March 2003 to January 2005, regarding treatment for depression. (Doc. 22-2 at 4). Accordingly, the issue before the Court is whether this additional evidence supports remand of her DIB claim to the administrative level.

Plaintiff argues that remand is appropriate because this evidence is both new and material, as it is reasonably possible that it would change the outcome of the Commissioner's decision. *Id*. at 4-5. Plaintiff claims that Dr. Khatami's medical records illustrate her "severe mental condition," and would have affected the outcome of her claim before the ALJ. *Id*. at 5-6. Additionally, Plaintiff alleges good cause for her failure to incorporate the evidence into the record of prior proceedings by arguing that she attempted to submit the records to the ALJ by mail and did not know why the records were not associated with her file. (*Id.* at 6; Doc. 31 at 2).

Defendant counters that although the evidence is indeed new, it is not material and will not change the outcome of the Commissioner's decision. (Doc. 25 at 6-9). Defendant claims that the additional evidence merely shows that Plaintiff had "mild" functional limitations during her period of depression, has "good" appearance with no suicidal thoughts, and made "fair" progress with treatment. *Id.* at 6-7. Additionally, Defendant notes that the ALJ considered "similar" evidence of Plaintiff's mental condition that was available to him and found no medically-determinable mental impairment that would affect Plaintiff's ability to function. (*Id.* at 7; Tr. 30). Lastly, Defendant argues that Plaintiff cannot show good cause for failing to timely submit the additional evidence. (Doc. 25 at 8).

In determining whether additional evidence should be permitted, Section 405(g) provides, in part, that courts "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Hunter v. Astrue*, 283 Fed. App'x 261, 262 (5th Cir. 2008). Evidence is material if there is reasonable possibility that it would alter the outcome of the Commissioner's decision. *Hunter*, 283 Fed. App'x at 262 (citing *Haywood v. Sullivan*, 888 F.2d 1463, 1471 (5th Cir. 1989)).

In this case, the evidence Plaintiff seeks to submit, while new, is not material. Contrary to Plaintiff's claims, the additional evidence of her treatment for depression does not demonstrate a strong mental impairment. Rather, the proposed evidence shows only that Plaintiff consistently demonstrated 1) mild functional impairments, 2) fair progress with depression treatment, 3) no suicidal or homicidal thoughts, and 4) no hallucinations, suspicions, obsessions, delusions or phobias. (Doc. 21-2). Consequently, there is not a reasonable possibility that the proposed evidence would alter the ALJ's decision.

Moreover, the additional records do nothing to change the landscape of evidence already considered by the ALJ. Although Plaintiff failed to submit documentation of her alleged mental impairment and treatment at the administrative level, the ALJ evaluated Plaintiff's mental condition while considering the evidence available to him, including the non-psychiatric notes and Plaintiff's testimony. (Tr. 30). Still, the ALJ determined that Plaintiff's mental condition did not rise to the level of a severe mental impairment, and Plaintiff's proposed evidence of mild functional impairments is unlikely to change that conclusion.

In any event, Plaintiff has not demonstrated good cause for failing to submit her evidence at the administrative level, as is her burden. There is no evidence in the record to support Plaintiff's claims that her representative, in fact, mailed the records. At the administrative hearing, Plaintiff's representative stated he was only recently made aware of Plaintiff's psychiatric visits, despite his representation of Plaintiff for nearly a year. (Tr. 42). The representative also stated that he would send the ALJ the records. *Id.* Plaintiff only avers that her non-attorney representative mailed the evidence to the ALJ, but that the evidence was not associated with her claim or considered by the ALJ for reasons unbeknownst to her. (Doc. 22-2 at 6). In is undisputed that the records were never received by the ALJ (Tr. 30), and Plaintiff has not even offered proof that they were actually mailed.

Based on the foregoing, the Court finds that Plaintiff's proposed evidence is immaterial and does not warrant a remand of Plaintiff's case to the administrative level.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion for Summary Judgment* (Doc. 22) should be **DENIED**, Defendant's *Motion for Summary Judgment* (Doc. 25) should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

**SO RECOMMENDED** December 7, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE